IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>SANDY ROAD FARMS, LLC,<br><br>                 Debtor.<br>_____<br><br>STEVEN R. REBEIN, CHAPTER 7<br>TRUSTEE<br>                 Plaintiff,<br><br>v.<br><br>PANHANDLE EASTERN<br>PIPE LINE COMPANY, LP<br><br>                 Defendant. | Case No. 22-40446<br><br>Chapter 7<br><br><br><br><br><br><br><br>Adversary Case No. _____ |

## COMPLAINT TO AVOID AND RECOVER
## PREFERENTIAL TRANSFERS AND TO DISALLOW CLAIMS

**COMES NOW** Plaintiff Steven R. Rebein, not individually but as the Chapter 7 Trustee (the 'Trustee") for Sandy Road Farms, LLC, (the "Debtor") by and through his undersigned counsel, and for his Complaint to Avoid and Recover Preference Transfers against Defendant Panhandle Eastern Pipe Line Company, LP, a Delaware limited partnership ("Defendant"), states as follows:

### **INTRODUCTION**

1. This is an adversary proceeding brought in the above-captioned bankruptcy pursuant to Part VII of the Bankruptcy Rules seeking to avoid certain preferential transfers made by the Debtor to the Defendant and to recover the value thereof pursuant to 11 U.S.C. (the "Bankruptcy Code") §§ 542, 544, 547, 550 and 551.

2225978v1

2. Pursuant to the Bankruptcy Code, the Trustee is authorized to pursue all causes of action that belong to the Debtor as well as any applicable state law avoidance actions. 11 U.S.C. § 323(b).

3. It is the Trustee's express intent to avoid all transfers that may be avoided and recovered. These include not only the transfers identified herein but also all others that occurred within the avoidance period and which may be ascertained in the course of discovery.

## JURISDICTION, VENUE AND PARTIES

4. On August 1, 2022 (the "Petition Date"), Debtor filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the District of Kansas.

5. On April 29, 2024, the Court entered its Order Granting Debtor's Motion to Convert (DOC #324). Thereafter, Steven Rebein was appointed as Trustee.

6. This adversary action arises under Sections 547 and 550 of the Code. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This action is a core proceeding under 28 U.S.C. § 157(b)(2). This Court has venue pursuant to 28 U.S.C. §§ 1408 and 1409.

7. Defendant Panhandle Eastern Pipe Line Company, L.P., is a Delaware limited partnership that may be served by and through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

8. This action arises out of multiple transfers of interest in Debtor's property to Defendant constituting avoidable transfers pursuant to 11 U.S.C. § 547. Trustee conducted a review of its records and an analysis of any transfers to Defendant subject to avoidance as well as an examination of applicable and provable defenses to avoidance of such transfers.

# COUNT I
## (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

9. The Trustee incorporates the allegations contained in paragraphs 1 through 8 as if those allegations were set forth herein.

10. Per the Debtor's records provided to the Trustee, during the 90-day period preceding the Petition Date, Debtor paid to or for the benefit of the Defendant certain payments as detailed more fully on the attached **Exhibit A**. The payments to the Defendant by the Debtor constituted transfers of an interest of the Debtor's property (hereinafter referred to as the "Transfers").

11. In advance of commencement of this adversary action, Debtor issued a letter dated October 18, 2024 (the "Demand Letter") to Defendant requesting identification and substantiation of any verifiable defenses to avoidance of the Transfers (the "Preference Claim") and otherwise making demand on Defendant for disgorgement of the Transfers. A true and correct copy of the Demand Letter is attached hereto as **Exhibit B**.

12. Defendant did not respond to the Demand Letter and Defendant failed to supply any viable and provable basis for defenses to the Preference Claim nor did it disgorge the Transfers.

13. The Transfers were made by Debtor to or for the benefit of Defendant as a creditor.

14. The Transfers were made for or on account of an antecedent debt owed by Debtor to Defendant before the Transfer was made.

15. The Transfers were made while Debtor was insolvent.

16. The Transfers were made on or within 90 days before the Petition Date.

2225978v1

17. The Trustee has determined that creditors of this Debtor will be paid less than 100% of their claims in this bankruptcy proceeding. As such, the Transfers enabled the Defendant to receive more than Defendant would have received in Chapter 7 if the Transfers had not been made and if the Defendant had received payments of its debt to the extent provided by the provisions of the Code.

18. The Transfers are avoidable under 11 U.S.C. § 547.

**WHEREFORE**, the Trustee prays for a judgment in his favor and against Defendant determining that the Transfers are preferential under 11 U.S.C. § 547; finding that the funds in the aggregate amount set forth on **Exhibit A**, are property of the estate under 11 U.S.C. § 541; ordering Defendant to turnover and surrender the funds to the Trustee under 11 U.S.C. §§ 542 and 550(a); awarding Trustee both pre-judgment interest commencing as of the date of the Trustee's demand to the Defendant and post-judgment interest on the funds at the legal rate; awarding the Trustee his costs (including the filing fee) due to Defendant's failure to surrender the funds to the Trustee; and awarding the Trustee such other and further relief that the Court deems just and proper.

### COUNT II
### (Recovery of Property or Value of Property – 11 U.S.C. § 550)

19. The Trustee incorporates the allegations contained in paragraphs 1 through 18 as if those allegations were set forth herein.

20. Defendant was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

21. As the Transfers are avoidable under § 547, Trustee is entitled to recover from Defendant under 11 U.S.C. § 550(a) the Transfers or the value of the Transfers. In addition, Trustee is entitled to recover prejudgment interest at the maximum amount permitted by law from the date of each of the Transfers until the collection of judgment in this adversary proceeding.

2225978v1

**WHEREFORE**, the Trustee prays for a judgment in his favor and against Defendant determining that the Transfers are preferential under 11 U.S.C. § 547; finding that the funds in the aggregate amount set forth on **Exhibit A**, are property of the estate under 11 U.S.C. § 541; ordering Defendant to turnover and surrender the funds to the Trustee under 11 U.S.C. § 550(a); awarding Trustee both pre-judgment interest commencing as of the date of the Trustee's demand to the Defendant and post-judgment interest on the funds at the legal rate; awarding the Trustee his costs (including the filing fee) due to Defendant's failure to surrender the funds to the Trustee; and awarding the Trustee such other and further relief that the Court deems just and proper.

## COUNT III
### (Disallowance of Claims – 11 U.S.C. § 502(d))

22. The Trustee incorporates the allegations contained in paragraphs 1 through 21 as if those allegations were set forth herein.

23. Defendant is the transferee of the Transfers by Debtor which are avoidable under § 547 and recoverable from Defendant under § 550. Pursuant to 11 U.S.C. § 502(d), any claim(s) of Defendant against Debtor (regardless of whether or not the claim(s) were assigned) must be disallowed unless Defendant pays the amount of the Transfers and any other avoidable transfer(s).

2225978v1

**WHEREFORE**, the Trustee prays for a judgment in his favor and against Defendant disallowing any claim filed by Defendant pursuant to 11 U.S.C. § 502(d) against Debtor's bankruptcy estate and for such other and further relief that this Court deems just and proper.

Respectfully submitted,

**SEIGFREID BINGHAM, P.C.**

By: /s/ Robert D. Maher
Robert D. Maher, KS# 19143
Jonathan A. Margolies, MO #30770, KS FED #70693
2323 Grand Boulevard, Suite 1000
Kansas City, Missouri 64108
T: (816) 421-4460
F: (816) 474-3447
rmaher@sb-kc.com
jmargolies@sb-kc.com

ATTORNEYS FOR PLAINTIFF

EXHIBIT A

| PAYEE | DATE | PAYMENT TYPE | AMOUNT |
|---|---|---|---:|
| Panhandle Eastern Pipe Line Company, LP | 05/05/2022 | Wire | $ 17,617.40 |
| Panhandle Eastern Pipe Line Company, LP | 05/13/2022 | Wire | $ 18,857.81 |
| Panhandle Eastern Pipe Line Company, LP | 05/20/2022 | Wire | $ 18,857.81 |
| Panhandle Eastern Pipe Line Company, LP | 05/27/2022 | Wire | $ 18,857.81 |
| Panhandle Eastern Pipe Line Company, LP | 06/03/2022 | Wire | $ 18,857.82 |
| Panhandle Eastern Pipe Line Company, LP | 06/16/2022 | Wire | $ 14,927.04 |
| Panhandle Eastern Pipe Line Company, LP | 06/23/2022 | Wire | $ 14,927.04 |
| Panhandle Eastern Pipe Line Company, LP | 06/30/2022 | Wire | $ 14,927.04 |
| Panhandle Eastern Pipe Line Company, LP | 07/08/2022 | Wire | $ 14,927.04 |
| Panhandle Eastern Pipe Line Company, LP | 07/22/2022 | Wire | $ 72,828.00 |
| | | | $ 225,584.81 |


2323 Grand Boulevard, Suite 1000
Kansas City, Missouri 64108
816.421.4460  F: 816.474.3447
www.sb-kc.com

Robert D. Maher
rmaher@sb-kc.com
816.265.4119

October 18, 2024

**VIA CERTIFIED AND**
**FIRST CLASS MAIL**
PANHANDLE EASTERN PIPE LINE Co, LP
PO Box 204037
Dallas, TX 75320

      **Re:**    Preference Demand in re: Sandy Road Farms, Case No. 22-40446, In the United Stated Bankruptcy Court, For the District of Kansas

To Whom it May Concern:

      The undersigned represents Steven R. Rebein, ("Rebein" or the "Trustee"), not individually but solely as the chapter 7 trustee of the bankruptcy estate of Sandy Road Farms, LLC (the "Debtor").

      As you may know, on August 1, 2022 (the "Petition Date"), the Debtor filed a petition for relief pursuant to chapter 11 of the Bankruptcy Code and operated its business as a chapter 11 debtor and debtor in possession until the Debtor filed a Motion to Convert the case to a chapter 7 case in April of 2024. The Debtor's bankruptcy case was converted on April 29, 2024, to a case pursuant to chapter 7 of the Bankruptcy Code and subsequently Rebein was appointed the Trustee of the Debtor's bankruptcy estate.

      Pursuant to sections 547 and 550 of the Bankruptcy Code, 11 U.S.C. §§ 547 and 550 and subject to certain defenses, transfers of the Debtor's property to or for the benefit of a creditor, for or on account of an antecedent debt, while the Debtor was insolvent, during the ninety-day period preceding the Petition Date (i.e. May 3, 2022 through August 1, 2022, the "Preference Period") and which enables that creditor to receive more than it would have in a chapter 7 bankruptcy case, is avoidable and recoverable.

      The Debtor's records indicate that PANHANDLE EASTERN PIPE LINE Co, LP received payments identified on Exhibit A totaling $225,584.51 (the "Preferential Transfers") from the Debtor during the Preference Period that appear to be recoverable by the Trustee. These Preferential Transfers will then be returned to the Debtor's bankruptcy estate and distributed to creditors pursuant to chapter 7 of the Bankruptcy Code.

      The Trustee is preparing to initiate lawsuits to recover any avoidable transfers, including the Preferential Transfers. In order to avoid any adverse legal action against PANHANDLE EASTERN PIPE LINE Co, LP based on the Preferential Transfers, the Trustee hereby demands the return of all of the Preferential Transfers PANHANDLE EASTERN PIPE LINE Co, LP

2196458v1

received from the Debtor during the Preference Period within 15 days of your receipt of this letter. Checks should be made payable to Steve R. Rebein, not individually but solely as the Trustee of the Bankruptcy Estate of Sandy Road Farms, LLC and mailed to the address provided in the letterhead.

If you have any questions, please contact the undersigned at (816) 265-4119 or via e-mail at rmaher@sb-kc.com.

Very Truly Yours,

SEIGFREID BINGHAM, P.C.

Robert D. Maher

2196458v1

EXHIBIT A

| PAYEE | DATE | PAYMENT TYPE | AMOUNT |
|---|---|---|---|
| Panhandle Eastern Pipe Line Company, LP | 05/05/2022 | Wire | $ (17,617.40) |
| Panhandle Eastern Pipe Line Company, LP | 05/13/2022 | Wire | $ (18,857.81) |
| Panhandle Eastern Pipe Line Company, LP | 05/20/2022 | Wire | $ (18,857.81) |
| Panhandle Eastern Pipe Line Company, LP | 05/27/2022 | Wire | $ (18,857.81) |
| Panhandle Eastern Pipe Line Company, LP | 06/03/2022 | Wire | $ (18,857.82) |
| Panhandle Eastern Pipe Line Company, LP | 06/16/2022 | Wire | $ (14,927.04) |
| Panhandle Eastern Pipe Line Company, LP | 06/23/2022 | Wire | $ (14,927.04) |
| Panhandle Eastern Pipe Line Company, LP | 06/30/2022 | Wire | $ (14,927.04) |
| Panhandle Eastern Pipe Line Company, LP | 07/08/2022 | Wire | $ (14,927.04) |
| Panhandle Eastern Pipe Line Company, LP | 07/22/2022 | Wire | $ (72,828.00) |
| | | | $ (225,584.81) |





**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PANHANDLE EASTERN
PIPE LINE Co, LP
PO Box 204037
Dallas, TX 75320

9590 9402 8592 3244 7425 69

2. Article Number *(Transfer from service label)*

9589 0710 5270 0999 7747 74

PS Form 3811, July 2020 PSN 7530-02-000-9053

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X

☐ Agent
☐ Addresse

B. Received by *(Printed Name)*

C. Date of Deliver

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 23 2024

3. Service Type

☒ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Mail Restricted Delivery
0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restric Delivery
☒ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

Domestic Return Receip

---

9589 0710 5270 0999 7747 74

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
***Domestic Mail Only***

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 4.85

Extra Services & Fees *(check box, add fee as appropriate)*
☒ Return Receipt (hardcopy) $ 4.10
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$ .69

Total Postage and Fees
$ 9.64

Postmark Here

MOWU KANSAS CITY MO OCT 18 2024 USPS 64108

Sent To
Panhandle Eastern Pipeline

Street and Apt. No., or PO Box No.
PO Box 204037

City, State, ZIP+4®
Dallas, TX 75320

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Steven R. Rebein, Chapter 7 Trustee | **DEFENDANTS**<br>Panhandle Eastern Pipe Line Company, LP |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Robert D. Maher, KS #19143<br>Jonathan A. Margolies, MO #30770, KS FED #70693<br>Seigfreid Bingham<br>2323 Grand Boulevard Suite 1000<br>Kansas City, MO 64108<br>(816) 265-4195   Fax: (816) 474-3447 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor      [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor      [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor    [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance of Preferential Transfers §547, §550, and §502(d).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[X] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(b) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) - Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(f) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(g) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(h) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ 225,584.81 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Sandy Road Farms, LLC | BANKRUPTCY CASE NO.<br>22-40446 |

| DISTRICT IN WHICH CASE IS PENDING<br>District of Kansas | DIVISION OFFICE<br>Topeka | NAME OF JUDGE<br>Judge Somers |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| */s/ Robert D. Maher*<br>Robert D. Maher ||
| DATE<br>April 9, 2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert D. Maher, KS #19143 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.